# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DARNELL NAPOLI, aka DORNELL NAPOLI,
#141011,                                      *

Plaintiff                                     *

v                                             *    Civil Action No. PX-19-1121

CRISTIN TREASTER, Circuit Court Prosecutor,   *

Defendant                                     *

## OPINION AND ORDER

Darnell Napoli, recently convicted in the Circuit Court for Harford County and currently housed at the Harford County Detention Center,[1] has filed suit against one defendant, Cristin Treaster, who prosecuted Napoli in state court for murder. In this action, Napoli is seeking "Justice (my freedom)." ECF No. 1 at 3. For the reasons that follow, the Court must dismiss the Complaint.

## I.  Standard of Review

Napoli filed this Complaint along with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence a federal action without prepaying the filing fee. ECF No. 2. The Court grants this motion.

However, the right to proceed in forma pauperis is not without limitation. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or

---

[1] On December 11, 2019, Napoli entered a plea pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970), which allows a criminal defendant to admit that sufficient evidence exists to prove his guilty beyond a reasonable doubt while not admitting to the underlying conduct. On March 20, 2019, Napoli was sentenced to life imprisonment, with all but 40 years suspended, for first-degree murder and 20 years' imprisonment for using a firearm during the commission of a violent crime. The Court cannot discern from the state-court docket whether the sentences for the two counts run concurrently or consecutively. *See State of Maryland v. Napoli*, Case No. C-12-CR-18-000315 (Cir. Ct. Harford Co.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis.

malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A Complaint that is legally frivolous may also be dismissed at its inception for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure. *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (court retains authority to dismiss a frivolous suit on own initiative).

This Court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as this Complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must take all facts pleaded as true and most favorably to the plaintiff. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not allow this Court to ignore a clear failure in the pleading to set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (the court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations" but "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

With these standards in mind, the Court finds that Napoli has patently failed to articulate any legally cognizable claim.

## II.    Analysis

Napoli brings this action solely against the Assistant State's Attorney who prosecuted his criminal case. Prosecutors enjoy absolute immunity against suits arising from the performance of their prosecutorial functions, as opposed to performing investigative or administrative tasks. *See*

*Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). "Without immunity from suit, th[e] threat of retaliatory litigation would predispose prosecutors to bring charges based not on merit but on the social or political capital of prospective defendants." *Nero*, 890 F.3d at 117 (internal quotation marks and citations omitted).

To determine whether the prosecutor's acts are immune from suit, the Court adopts the "functional approach," focusing on whether the prosecutor's actions which give rise to the suit closely align with any phase of the judicial process. *Nero*, 890 F.3d at 117; *see also Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). A prosecutor is immune from suit when she "professionally evaluates evidence assembled by the police, decides to seek an arrest warrant, prepares and files charging documents, participates in a probable cause hearing, and presents evidence at trial." *Nero*, 890 F.3d at 118 (internal citations omitted). "In contrast, a prosecutor does not act as an advocate, but rather in an investigative or administrative capacity, when she gives legal advice to police during an investigation, investigates a case before a probable cause determination, and personally attests to the truth of averments in a statement of probable cause. *Id.* (internal citations omitted).

Napoli accuses Treaster of withholding exculpatory evidence during his suppression hearing and in advance of trial. ECF No. 1 at pp. 6-7. Because Napoli, quite plainly, challenges Treaster's conduct in prosecuting him, Treastor enjoys immunity from suit. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996) (holding prosecutor "enjoys absolute immunity from claims that she made false representations and suborned perjury before the grand jury"). The complaint must therefore be dismissed.

### III. Conclusion

Accordingly, it is this 23rd day of April 2019, by the United States District Court for the District of Maryland hereby ordered that:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is GRANTED;

2. The Complaint is DISMISSED without prejudice;

3. The Clerk shall CLOSE this case; and

4. The Clerk shall PROVIDE a copy of this Order to Plaintiff.

/S/
Paula Xinis
United States District Judge